Tina Wolfson, CA Bar No. 174806
*twolfson@ahdootwolfson.com*
Theodore Maya, CA Bar No. 223242
*tmaya@ahdootwolfson.com*
Rachel Johnson, CA Bar No. 331351
*rjohnson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: 310-474-9111;
Fax: 310-474-8585

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELEISHA REDMOND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., and Does 1-10,<br><br>Defendants. | Case No. 3:20-CV-03692-JSC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><br><br>JURY TRIAL DEMANDED |

Plaintiff Eleisha Redmond ("Plaintiff"), by and through her counsel, brings this Class Action Complaint against Defendant Albertsons Companies, Inc. ("Defendant"), on behalf of herself and all others similarly situated, and alleges, upon personal knowledge as to her own actions and her counsel's investigations, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.      In the midst of the ongoing COVID-19 pandemic, since federal, state, and local governments around the country declared states of emergency and issued mandates requiring citizens to stay home and practice social distancing in order to avoid spreading the highly contagious novel coronavirus that causes an often severe and sometimes fatal respiratory infection, unscrupulous sellers sadly have taken the opportunity to profit from desperate members of the public by gouging prices of essential items—from basic necessities such as toilet paper to personal protective gear including face masks, hand sanitizer, and cleaning agents and tools which consumers need to protect themselves.

2.      Not only is such gross misconduct unfair and inhumane, it is a criminal offense that constitutes a *per se* violation of California's Unfair Competition Law. *See* Cal. Penal. Code §§ 396(h), (i).

3.      Likewise, price gouging is prohibited by the laws of many states, and large, sophisticated retailers are well aware of their obligation to avoid such conduct. *E.g.*, N.Y. G.B.L. § 396-r; Florida Stats. Title XXXIII, § 501.160; 815 ILCS 505/2 (Illinois); N.J. Stats. Title 56, § 8-107; Or. Stats. § 401.960.  Nonetheless, some sellers unfortunately have taken the opportunity to line their pockets at the public's expense.

4.      Plaintiff brings this action on behalf of herself and all others similarly situated to hold Defendant accountable for price gouging at its many grocery stores across the country and throughout California.

**PARTIES**

5.     Plaintiff Eleisha Redmond is an individual and a resident of San Francisco, California.

6.     Defendant Albertsons Companies, Inc. is a Delaware corporation with its principal place of business at 250 Parkcenter Blvd., Boise, Idaho, 83706.

7.     Plaintiff is unaware of the true names and capacities of the defendants sued as DOES 1-10, and therefore sues these defendants by fictitious names.  Plaintiff will seek leave to amend this Complaint when and if the true identities of these DOE defendants are discovered.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiff as herein alleged, and is thus liable for the damages suffered by Plaintiff.

**JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2), in that the matter is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and other members of the Class are citizens of states different from Defendant.

9.     This Court has personal jurisdiction over Defendant because it conducts business in this District.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this District.

**FACTUAL BACKGROUND**

11.     California law rightly prohibits profiteering from a public health crisis.  *See* Cal. Penal Code §§ 396(h)-(i).  In enacting some of the nation's strongest prohibitions on price gouging, California's legislature recognized that unscrupulous sellers can take

advantage of emergency conditions to overcharge consumers for goods they need to live their lives. Exploiting consumers in such a vulnerable time is contrary to basic human decency and, in California, is a criminal offense that is presumptively unlawful under California's Unfair Competition Law.

12.     Under Cal. Penal Code § 396(b):

>  Upon the proclamation of a state of emergency declared by the President of the United States or the Governor, or upon the declaration of a local emergency by an official, board, or other governing body vested with authority to make that declaration in any county, city, or city and county, and for a period of 30 days following that proclamation or declaration, it is unlawful for a person, contractor, business, or other entity to sell or offer to sell any consumer food items or goods, . . . emergency supplies, medical supplies, home heating oil, building materials, . . . or gasoline or other motor fuels for a price of more than 10 percent greater than the price charged by that person for those goods or services immediately prior to the proclamation or declaration of emergency.

13.     In late 2019, a respiratory illness resulting from a novel coronavirus was first identified in Wuhan City, Hubei Province, China.  That illness, now known as COVID-19, has spread across the world.

14.     In early 2020, confirmed COVID-19 cases began to appear in the U.S. and, specifically, in California and in the Bay Area.

15.     As of this writing, more than 100,000 deaths nationwide have been attributed to COVID-19, according to official statistics, though the true number may be much higher.  *See, e.g.*, N.Y. Times, *Coronavirus in the U.S.: Latest Map and Case Count*, available at <https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html> (last visited June 1, 2020); N.Y. Times, *There Has Been an Increase in Other Causes of Deaths, Not Just Coronavirus*, available at < https://www.nytimes.com/interactive/2020/06/01/us/coronavirus-deaths-new-york-new-jersey.html?action=click&module=Top%20Stories&pgtype=Homepage> (last visited

June 1, 2020) ("Public health experts have said that many of the[] additional deaths from other causes [during the time since the COVID-19 pandemic was recognized in the U.S.] may be undercounts or misdiagnoses of Covid-19, or indirectly linked to the pandemic otherwise.").

16.     California has borne a disproportionately large share of COVID-19 cases and deaths.  *See, e.g.*, L.A. Times, *Tracking coronavirus in California*, available at https://www.latimes.com/projects/california-coronavirus-cases-tracking-outbreak/   (last visited June 1, 2020) (reporting over 100,000 confirmed cases of, and 4,218 deaths from, COVID-19 in California as of June 1, 2020).

17.     On January 30, 2020, the World Health Organization declared a global health emergency due to the COVID-19 pandemic.

18.     On February 3, 2020, Santa Clara County declared California's first state of emergency due to the COVID-19 pandemic.

19.     On February 25, 2020, San Francisco Mayor London Breed declared a state of emergency due to the COVID-19 pandemic.

20.     On March 4, 2020, Governor Gavin Newsom of California declared a State of Emergency in light of the COVID-19 pandemic.

21.     On March 13, 2020, President Donald Trump declared a state of emergency due to the COVID-19 pandemic.

22.     Through Executive Order N-44-20, dated April 3, 2020, Governor Newsom extended California's price gouging prohibition for all products under Penal Code § 396(b) until September 4, 2020.   *See* Executive Order N-44-20, available at <https://www.gov.ca.gov/wp-content/uploads/2020/04/4.3.20-EO-N-44-20-text.pdf> (last visited June 1, 2020).

23.     Under that Executive Order, no person, business, or other entity may:

In addition to the prohibitions set forth in Penal Code section 396, a person or other entity (including, but not limited to, any business enterprise of any kind) shall not—from April 4, 2020 until September 4, 2020, and except as set forth below—sell or offer to sell any item from among the following

categories of goods for a price that is more than 10 percent greater than the highest price charged by that person or entity for that item on February 4, 2020:

- Food items;
- Consumer goods;
- Medical or emergency supplies; and
- Any other materials previously designated by the U.S. Secretary of Health and Human Services as Scarce Materials or Threatened Materials pursuant to section 102 of the Defense Production Act, 50 U.S.C. § 4512.

*Id.*

24.     Defendant owns a large number of supermarket chains under a variety of brands, including *inter alia* Safeway stores.  Unfortunately, Defendant sold numerous items far in excess of their pre-pandemic prices, in direct violation of Penal Code § 396 and Executive Order N-44-20.

25.     Plaintiff made a number of purchases from the Safeway located at 2020 Market St., San Francisco, CA 94114, in the days, weeks, and months after the governor of California declared a state of emergency, for items that Defendant priced far in excess of 10% above the pre-emergency price for such items.

26.     For instance, on or about April 13, 2020, Plaintiff paid $18.99 for Angel Soft toilet paper normally priced at $10-11 at that same Safeway location.

27.     Plaintiff brings this action to hold Defendant liable for its unlawful price increases during the COVID-19 pandemic.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff seeks relief in her individual capacity and as representative of all others who are similarly situated.  In accordance with Fed. R. Civ. P. 23(a), (b)(2), and/or (b)(3), Plaintiff seeks certification of a California-state-wide Class preliminarily defined in the following paragraph.

29.     The Class is preliminarily defined as:

> All persons who purchased, in California, any consumer food items or goods, goods used for emergency cleanup, emergency

- 6 -

supplies, medical supplies, home heating oil, or other goods or services encompassed by Cal. Penal Code § 396(b), from a store owned by Albertsons Companies, Inc., on or after February 4, 2020 at a price 10 percent greater than the price charged such store for the same such good or service on February 2, 2020, or immediately prior to any declaration of a state of emergency relating to the COVID-19 pandemic.

(The "Class.")

30.     Excluded from the Class are Defendant, including any entity in which any Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.  Also excluded are the judges and court personnel in this case and any members of their immediate families.

31.     <u>Numerosity</u>.  Fed. R. Civ. P. 23(a)(1).  The members of the Class are so numerous that the joinder of all members is impractical.  While the exact number of Class members is unknown to Plaintiff at this time, the Class is expected to include millions of California consumers.

32.     <u>Commonality</u>.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant sold food and consumer goods at inflated prices during the COVID-19 pandemic;

  b.  Whether those price increases were in excess of the 10% limit set forth in California Penal Code § 396(b);

  c.  Whether and the extent to which consumers in California were harmed by Defendant's unlawful price increases;

  d.  The extent to which Defendant was unjustly enriched;

  e.  Whether Defendant should be subjected to punitive damages, and the appropriate amount;

f.  Whether Plaintiff and the other Class members were injured by Defendant's conduct, and if so, the appropriate class-wide measure of damages, restitution, and other appropriate relief; and

g.  Whether Plaintiff is entitled to injunctive relief and the appropriate scope of any such relief.

33.  <u>Typicality</u>.  Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of those of other Class members because Plaintiff, like every other Class member, purchased products from Defendant at prices that were unlawfully inflated during the COVID-19 pandemic.

34.  <u>Adequacy of Representation</u>.  Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff's Counsel are competent and experienced in litigating class actions.

35.  <u>Superiority of Class Action</u>.  Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members of the Class is impracticable.  Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

36.  Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant acted or has refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

**COUNT I**
**Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code §§ 17200 *et seq*.**
**(On behalf of Plaintiff and the Class)**

37.  Plaintiff incorporates the substantive allegations above as if fully set forth here.

38.  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

- 8 -

§§ 17200 *et seq.*, prohibits any "unlawful, unfair, or fraudulent business acts or practices."

39.     Any violation of California Penal Code § 396 "constitute[s] an unlawful business practice and an act of unfair competition within the meaning of Section 17200 of the Business and Professions Code."  Cal. Penal Code § 396(i).

40.     As alleged above, Defendant violated California Penal Code § 396(b) because, after states of emergency were declared in California due to the COVID-19 pandemic, Defendant sold and offered to products covered by that statute at prices "10 percent greater" than the price Defendant charged "immediately prior to the proclamation or declaration of emergency." Cal. Penal Code § 396(b).  The items Defendant sold in violation of that statute include "consumer food items or goods, goods or services used for emergency cleanup, emergency supplies, [and] medical supplies." *Id*.

41.     On information and belief, Defendant's price increases were not directly attributable to additional costs imposed on Defendant by the suppliers of the such goods, and Defendant increased prices on many such goods in excess of 10% even when accounting for any additional costs and the markup Defendant customarily applies to the Protected Products.  *See id*.

42.     Defendant's conduct was unscrupulous, offended established public policy, and was fraudulent.

43.     The harm caused by Defendant's conduct greatly outweighs any benefit to consumers.

44.     As a result of the conduct alleged herein, Plaintiff and other Class members suffered injuries in fact and lost money.

45.     Plaintiff and other Class members are entitled to restitution, injunctive relief, and reasonable attorney's fees and costs.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all Class members proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Defendant, as follows:

A.    For an Order certifying this action as a class action and appointing Plaintiff and her counsel to represent the Class;

B.    For an award to Plaintiff and other Class members of their actual damages, punitive damages, and any other form of monetary relief allowed by law;

C.    For an award to Plaintiff and other Class members of restitution, disgorgement, or other equitable relief as the Court deems proper;

D.    For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein and requiring Defendant to implement reasonable systems and redundancies to ensure that it does not commit such price gouging in the future;

E.    For an award to Plaintiff and other Class members of pre-judgment and post-judgment interest as allowed under the law;

F.    For an award to Plaintiff and other Class members of their reasonable attorney's fees and costs of suit, including expert witness fees;

G.    For an award to Plaintiff and other Class members of such other and further relief as this Court may deem just and proper.

///

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT, CASE NO. 3:20-cv-03692-JSC

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff demands trial by jury of all claims so triable.

3

4   Dated:  August 24, 2020                    Respectfully submitted,

5

6                                              **AHDOOT & WOLFSON, PC**

7

8                                              _____

9                                              Tina Wolfson
                                               Theodore W. Maya
10                                             Rachel Johnson
                                               **AHDOOT & WOLFSON, PC**
11                                             10728 Lindbrook Dr.
                                               Los Angeles, California 90024
12                                             Telephone: 310-474-9111
                                               Facsimile: 310-474-8585
13

14                                             *Counsel for Plaintiff and the*
                                               *Proposed Class*
15

16

17

18

19

20

21

22

23

24

25

26

27

28